Argued and submitted August 13,
affirmed as modified December 29, 1980

ASHLEY,
*Appellant,*

*v.*

METZ,
*Respondent.*

(No. A7706-08329, CA 14287)

621 P2d 671

Paul Gerhardt, Portland, argued the cause and filed the briefs for appellant.

Lee M. Hess, Portland, argued the cause for respondent. With him on the brief were Marvin S. W. Swire and Swire & Riebe, Portland.

Before Gillette, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff appeals from a final decree of the trial court denying equitable compensation for defendant's failure to convey real property pursuant to an earnest money agreement. The agreement, signed on March 11, 1977, provided that the premises be sold "free from encumbrances except easements, conditions and restrictions of record, and any mortgages and liens which Buyer has agreed to assume."

Both parties were aware at the time the agreement was made that the defendant had recently sold the property to Alternate Inn, Inc. (vendee), on a land sale contract which was at that time already in default. Defendant testified that, at the time the agreement was signed, he was laboring under the impression that he could reacquire his interest merely by sending a letter to the defaulting purchaser. Plaintiff claims that defendant knew he had to foreclose on vendee's contract and indicated that he would do so; other witnesses corroborated this. Defendant, however, submitted to plaintiff a contract providing for sale of the property subject to the vendee's interest. Plaintiff treated this as not conforming to the earnest money agreement and contended the vendee's interest was an encumbrance which defendant was required to remove pursuant to the earnest money agreement. The parties were unable to agree on the terms of the land sale contract, and in June, 1977, plaintiff brought this action to compel specific performance of the earnest money agreement.

After trial, the court made an interlocutory decree providing in relevant part:

"NOW, THEREFORE, the court FINDS that plaintiff is entitled to specific performance of that certain Earnest Money Agreement dated March 1, 1977 by and between plaintiff, as Purchaser, and defendant, as Seller, *subject to the rights, if any, of Alternate Inn, Inc.,* an Oregon corporation pursuant to a Contract-Real Estate dated November 19, 1975, * * *

* * * * *

"It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:

"1. Plaintiff is hereby awarded specific performance of that certain earnest money agreement described above

*conditional upon defendant re-acquiring the above de-scribed property from Alternate Inn, Inc.,* an Oregon corporation, *by final decree of foreclosure or by settlement as provided in paragraphs 2 and 3 below,* in the pending foreclosure proceedings therein referred to, * * * .

"2. Defendant shall proceed with all deliberate diligence, speed and at his expense in the prosecution of said foreclosure Case No. A7712-17894, against Alternate Inn, Inc.

"3. No settlement or other disposition or resolution of said case No. A7712-17894, save and except after trial thereof on the merits, shall be made without seven (7) days' prior written notice having been given to plaintiff herein through Paul Gerhardt, his attorney, during which time plaintiff may contest such settlement, disposition or other resolution in this court and cause as to its equity and fairness to this plaintiff. * * *

"4. This Court shall retain jurisdiction of this cause until final resolution of said case No. A7712-17894 and final resolution and delivery of Contract of Sale from defendant to plaintiff herein *if such Contract becomes possible without an intervening lien or interest of Alternate Inn, Inc. or its successors or assigns.*

"5. *In the event that it shall become impossible for defendant to enter into a contract with plaintiff for the sale and purchase of the subject land without the prior right, title or interest of Alternate Inn, Inc.* or its successors or assigns, *this court shall reopen the within cause for a hearing and adjudication on the right to receive equitable compensation, and the amount, if any of equitable compensation* which shall be awarded to plaintiff herein." (Emphasis added.)

Before trial, the vendee offered to plaintiff to sell its interest in the property for $4,000. Plaintiff relayed the offer to defendant, who did not accept. At trial, the offer was raised to $5,000 but again was not accepted by defendant. After the entry of the above interlocutory decree, vendee sold the property to a third party and the vendee's interest was redeemed. The sale to plaintiff now being impossible, as defendant no longer had title to the property, the trial court held a second hearing on the issue of equitable compensation. By a decree dated March 11, 1979, the trial court denied equitable compensation:

" . . . and the Court having found that plaintiff was aware when he executed the Earnest Money Agreement that

defendant held a bare legal title to the property which is the subject of this suit, *that the Earnest Money Agreement entered into by and between the parties did not contain a covenant to convey free from encumbrances,* and that defendant's vendee has redeemed the property and thus rendered specific performance impossible, and the Court being otherwise fully advised, now therefore,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"1.   Plaintiff is not entitled to equitable compensation.

"2.   Neither party shall recover costs." (Emphasis added.)

Plaintiff assigns as error (1) the finding that the earnest money agreement did not contain a covenant to convey free from encumbrances and (2) the failure to order equitable compensation as a substitute for specific performance.

■     The earnest money agreement contains on its face a clause, *supra,* which clearly required defendant to remove encumbrances. The trial court's finding thus seems to be in error, but that does not end our inquiry. This court is empowered to affirm the result of the court below if correct, even if the reasoning below is erroneous. *Reid v. Reid,* 219 Or 500, 512, 348 P2d 29 (1959). For reasons discussed *infra,* the challenged finding is not critical to the analysis we adopt in this case.

Even if we assume that a vendee's equitable interest in real property by a prior contract is an encumbrance within the scope of the warranty against encumbrances,[1]

---

[1] *But see Caveny v. Asheim,* 202 Or 195, 223, 274 P2d 281 (1954):

"Under the circumstances here present, we think the applicable and controlling rule, * * * is well stated in Maupin, Marketable Title to Real Estate, 207, § 85-a [3d Ed 1921], *and we unhesitatingly adopt it as our own.* It reads:

" 'If the written contract between the parties expressly provide that the vendor shall convey the premises free from incumbrances, it is of course immaterial that the purchaser had notice at the time of the contract that there was an incumbrance on the property. He has a right to insist upon the terms of his contract. *It is conceived, however, that such an agreement should be limited to those incumbrances which the vendor has the right to remove, such as a mortgage, judgment, or other pecuniary lien. If the incumbrance be of a kind which the vendor cannot remove as a matter of right, such as an easement, it is not to be presumed that the purchaser, knowing the existence of the easement, intended the insertion of a vain provision in the contract.'* " (Emphasis added.)

after entry of the interlocutory decree the only question remaining in this case was whether equitable compensation would be awarded in the event defendant was unable to convey title.

Plaintiff argues that since the interlocutory decree ordered specific performance, plaintiff is entitled to equitable compensation because defendant failed to accept a settlement offer. But the decree did not require defendant to accept a settlement. While the decree did impose a duty to pursue the foreclosure proceeding with diligence, it required only that approval of any settlement be given by plaintiff. In particular, the findings of the interlocutory decree, *supra,* indicate that plaintiff's entitlement to specific performance was "subject to" and thus subordinate to the vendee's rights. The decree of specific performance was conditional only.

In his amended complaint, plaintiff asked that if defendant was unable to specifically perform the earnest money agreement, the court require defendant to perform the agreement insofar as possible by conveying the vendor's interest. The trial court did not grant that requested relief, but only ordered specific performance subject to vendee's rights. On appeal, plaintiff has not assigned the interlocutory decree as error. We decline to unravel the thread of this proceeding past the point at which plaintiff asserts error.

By the time of the final decree in this case, the vendee had exercised its right of redemption, thus divesting defendant of his legal title. At that point in the particular context of this case, defendant's breach was essentially a failure to furnish marketable title. The possibility of that failure appears to have been contemplated in the earnest money agreement by the following provision:

"If Seller does not approve sale, *or cannot furnish marketable title within reasonable time,* the earnest money herein receipted for shall be refunded; * * * " (Emphasis added.)

Defendant argues that this provision governs plaintiff's right to compensation. We agree. Under the circumstances here, where plaintiff knew before entering

into the earnest money agreement that there was an outstanding vendee's interest in the property which would have to be foreclosed, and where plaintiff has not challenged the interlocutory decree of the court granting specific performance inferior to vendee's rights, the specific contract provision, rather than general principles of equitable compensation, *see, e.g., Wittick v. Miles,* 274 Or 1, 6, 545 P2d 121 (1976), should govern when marketable title cannot be furnished.

The final decree does not provide for refund of the earnest money, which the agreement indicates was in the form of a note. The decree should be modified to order that the note be returned to plaintiff.

Affirmed as modified.